IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,                              No. 2:17-cv-0168-MCE-CMK-P

    Plaintiff,

  vs.                                       <u>FINDINGS AND RECOMMENDATION</u>

JOHNSON,

    Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 2).

       The Prison Litigation Reform Act's (PLRA) "three strikes" provision provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from

1

proceeding in forma pauperis unless the imminent danger exception applies. Dismissed habeas petitions do not count as "strikes" under § 1915(g). See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005). Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike." See id. at n.12. Once it is determined that the prisoner plaintiff has three or more actions dismissed as frivolous, malicious, or for failure to state a claim, the prisoner is precluded from proceeding in forma pauperis in another action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055.

The court has previously determined that plaintiff is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1985(g). See Hendon v Kulka, 2:14-cv-2581-AC (citing three cases out of the Eastern District: Hendon v. Rogel, 2:05-cv-1063 DFL PAN; Hendon v. Witcher, 1:05-cv-1246 AWI DLB; and Hendon v. White, 2:07-cv-1825 GEB CMK); see also, Hendon v. Baroya, 1:09-cv-0911 MJS; Hendon v. Kulka, 2:14-cv-1171 KJN (denying leave to proceed in forma pauperis).[1] The undersigned agrees with the findings in plaintiff's other cases.

Plaintiff attempts, in his amended complaint, to show he meets the imminent danger exception. The claim in this case is that plaintiff was pepper sprayed while in his cell on October 31, 2014, for his refusal to relinquish the handcuffs he pulled into his cell as they were being removed. After plaintiff refused to relinquish the handcuffs as ordered, the defendant sprayed plaintiff with the pepper spray. Plaintiff states he continues to be under imminent danger

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

as prison officials continue with a practice that allow guards to use such force on mentally ill prisoners for minor infractions, even absent an imminent threat.

Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. Cervantes, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." Id. at 1056 (internal citations omitted). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger ... is the most sensible way to interpret the imminency requirement.' " Id. (quoting Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998)). The plaintiff must make specific or credible allegations showing the threat to him is real and proximate. Cervantes, 493 F.3d at 1053 (citing Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002); Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001)). Thus, a prisoner's allegation that he or she faced danger in the past is insufficient to allow the prisoner to proceed in forma pauperis.

Here, plaintiff alleges one incident wherein he was sprayed with pepper spray. While he argues he suffered great pain "and was otherwise injured," the undersigned is not convinced that the use of pepper spray as plaintiff alleges constitutes serious physical injury. In addition, the one time incident plaintiff complains about occurred over two years before plaintiff filed his complaint, not at the time the complaint was filed. To the extent plaintiff attempts to allege an ongoing danger, his conclusory allegation that there is a "practice" to use force on mentally ill prisoners for minor infractions is insufficient to show such ongoing danger. Plaintiff did not cite to any other incidents that occurred during the two years between the one incident listed in the complaint and the filing of this case. The mere possibility that plaintiff could be subject to the prison's practice of utilizing pepper spray does not establish that plaintiff was under threat of real and proximate danger at the time the complaint was filed. Therefore, plaintiff has not met the imminent danger requirement within the meaning of the exception under § 1915.
///

As plaintiff has not paid the filing fee, and is not eligible to proceed in forma pauperis, this action shall be dismissed, without prejudice to re-filing upon prepayment of the filing fees. See Tierney v. Kupers, 128 F.3d 1310 (9th Cir. 1998).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) be denied; and

2. This action be dismissed without prejudice to re-filing upon pre-payment of the filing fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE